IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICE EMBASSY, INC., *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-97-0196 | |
| § | | |
| THE CITY OF HOUSTON, § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

Plaintiffs filed this lawsuit in 1997 challenging the City of Houston's Ordinance 97-75 governing sexually-oriented businesses ("SOBs"). The case is now before the Court on remand from the United States Court of Appeals for the Fifth Circuit, *N.W. Enterprises, Inc. v. City of Houston*, 352 F.3d 162 (5th Cir. 2003), *cert. denied*, __ U.S. __, 125 S. Ct. 416 (2004).

At Plaintiffs' request, the Court accepted briefing from the parties regarding which issues are before the Court for decision. Plaintiffs argue that there are numerous issues to be decided, including claims raised by the Third Amended Complaint and other matters Plaintiffs want to raise in a new amended or supplemental complaint. Defendant argues that the only issue is the one remanded by the Fifth Circuit, specifically "whether [the 1,500-foot distance] restriction, in light of the Ordinance as a whole, affords reasonable alternative avenues of communication for SOBs." *Id*. at 197. The remand of this case by the Court of Appeals for the Fifth Circuit was extremely specific and limited. Plaintiffs' formulation of the matters remaining to be decided is unsupported by the record.

Plaintiffs argue that the Supreme Court's decision in *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425 (2002), which was decided after this Court's ruling and before the decision by the Fifth Circuit, requires that full discovery be permitted in order that Plaintiffs may present evidence challenging Defendant's evidence justifying the Ordinance. The Fifth Circuit considered and discussed the *Alameda Books* decision. The Fifth Circuit decision does not require – nor permit – the discovery and evidentiary battle proposed by Plaintiffs. The Fifth Circuit interpreted *Alameda Books* to define the "standard of constitutional scrutiny [as] whether Ordinance 97-75 addressed secondary effects of adult speech, as demonstrated by the legislative record submitted by the City." *N.W. Enterprises*, 352 F.3d at 174. The Fifth Circuit then stated that "[v]iewed from the perspective of *Alameda Books*, the City of Houston has proven that its strengthened distance regulation furthers substantial governmental interests." *Id.* at 180. Consequently, the only additional evidence contemplated by the Fifth Circuit's remand is "whether there exists any basis for the fear . . . that the ordinance seeks to reduce secondary effects by depriving SOBs of reasonable avenues of communication." *Id.* at 183.

The parties also disagree about the time frame as to which the evidence must show that there are reasonable alternative avenues of communication. Plaintiffs argue that the City must show that there were sufficient alternative avenues of communication when the Ordinance was enacted, currently, *and* presumably all points in between. The City argues that the evidence must show only that there were adequate alternative avenues of communication in the time frame of the Ordinance's enactment. The City's position is

supported by the Fifth Circuit's decision in this case, describing and relying on evidence of alternative avenues of communication "when 97-75 was enacted[.]" *Id.* at 182; *see also SDJ, Inc. v. City of Houston*, 837 F.2d 1268, 1276-77 (5th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989) (determination regarding alternative avenues of communication based on evidence before district court from time of enactment). In 1986, the United States Supreme Court in *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986), approved an ordinance because evidence from its enactment in 1982 established that alternative avenues of communication existed. *Id.* at 53-54. Under the limited remand by the Fifth Circuit, the City must show only that the Ordinance, at the time it was enacted, provided reasonable alternative avenues of communication for SOBs. The City is not required to prove the number of SOBs and the number of alternative sites at various points in time thereafter.

Plaintiffs also seek to pursue issues contained in the Third Amended Complaint, which the Court in its June 11, 1998 Order allowed to be filed. Plaintiffs argue that the Court did not previously decide challenges in the Third Amended Complaint regarding residential proximity and multi-family dwelling provisions of Ordinance 97-75 and, therefore, those challenges need to be addressed now. The Court permitted the Third Amended Complaint, however, only after determining that all issues raised were already addressed by the Court. *See N.W. Enterprises, Inc. v. City of Houston*, 27 F. Supp. 2d 754, 911 (S.D. Tex. 1998) (noting that the Third Amended Complaint "will not cause any delay, since the Court, in this Opinion, has already addressed the issues included in the Complaint"). The Court also noted that "[a]ny arguments raised by Plaintiffs that are not

addressed explicitly in this Opinion are rejected." *Id.* at 785. The Fifth Circuit affirmed this Court's decision "in its entirety" with limited exceptions not relevant to Plaintiffs' challenges to the residential proximity and multi-family dwelling provisions. *N.W. Enterprises*, 352 F.3d at 197. All such challenges contained in the Third Amended Complaint have been rejected by this Court, this Court's decision on the issue has been affirmed by the Fifth Circuit, and the Supreme Court denied Plaintiffs' petition for a writ of certiorari. Accordingly, these challenges are no longer before this Court.

Plaintiffs express an intent to file another amended or supplemental complaint seeking declaratory relief regarding a number of issues, including disqualifying uses, whether the City may consider disqualifying uses not in existence in 1997, and whether the Court will permit the City to consider only disqualifying uses that were in existence when Plaintiffs filed their initial permit applications prior to 1997. The City responds that the Ordinance provides that "disqualifying uses" for an SOB applicant is to be determined as of the date of application. As is discussed above, the Fifth Circuit remanded this case for determination of a single, well-defined issue. Additional amendments to Plaintiffs' complaint will not be permitted at this late stage of the proceedings.

"[T]he mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Henderson v. Stalder*, ___ F.3d ___, 2005 WL 845913 * 2 (5th Cir. Apr. 13, 2005) (quoting *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004)). "Where, as here, further proceedings in the district court are specified in the mandate of the Court of Appeals, the

district court is limited to holding such as are directed." *Id.* (quoting *Crowe v. Smith*, 261 F.3d 558, 562 (5th Cir. 2001)).

Based on the foregoing, the Court concludes that the case has been remanded from the Fifth Circuit for the sole purpose of determining whether the 1,500-foot distance restriction, in light of Ordinance 97-75 as a whole, affords reasonable alternative avenues of communication for SOBs. The Court is limited to the terms of the mandate and cannot permit Plaintiffs to relitigate issues expressly *or impliedly* decided by the Fifth Circuit. It is hereby

**ORDERED** that counsel shall submit by **May 25, 2005** either an agreed docket control order or their competing scheduling proposals for this Court's consideration of the single issue before it for determination.[1] It is further

**ORDERED** that counsel for the remaining parties shall appear before the Court on **June 3, 2005 at 2:00 p.m.** for a status and scheduling conference.

SIGNED at Houston, Texas, this **10th** day of **May, 2005.**

_____
Nancy F. Atlas
United States District Judge

---

[1] The City's current proposed schedule does not allow sufficient time to develop the case for final disposition, and Plaintiffs' current proposal includes much more time than is necessary. Accordingly, the parties are directed to confer in an attempt to reach agreement on a schedule for this case which is both adequate and reasonable.