IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICE EMBASSY, INC., *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-97-0196 | |
| § | | |
| THE CITY OF HOUSTON, § | | |
|     Defendant. § | | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' "Motion for Reconsideration of Two Limited Aspects of Order on Remand" [Doc. # 624], and Plaintiffs' "Supplemental Motion for Reconsideration Re *Alameda Books* Point" [Doc. # 631]. Defendant filed a response [Doc. # 630], and Plaintiffs filed a Reply [Doc. # 632] and Supplemental Authority [Doc. # 633]. In both motions, Plaintiffs seek reconsideration of the Court's decision limiting the issue in this case on remand to the issue remanded by the United States Court of Appeals for the Fifth Circuit, *N.W. Enterprises, Inc. v. City of Houston*, 352 F.3d 162 (5th Cir. 2003), *cert. denied*, __ U.S. __, 125 S. Ct. 416 (2004).

In the first motion, Plaintiffs ask the Court to permit them to provide evidence and briefing in connection with facial challenges to the City of Houston's residential proximity restrictions that were raised in Plaintiffs' Third Amended Complaint. All arguments contained in the Third Amended Complaint, including Plaintiffs' challenge to the residential proximity restrictions, have been rejected by this Court, this Court's decision on the issue

has been affirmed by the Fifth Circuit, and the Supreme Court denied Plaintiffs' petition for a writ of certiorari.

In the original Motion for Reconsideration, Plaintiffs also ask the Court to include as an issue on remand the determination of the relevant dates for the establishment of disqualifying uses in connection with Plaintiffs' pending permit applications. The challenged Ordinance provides that disqualifying uses for an applicant are to be determined as of the date of application, and there is no reason at this point to issue advisory rulings regarding the relevant dates for each applicant.

In the second or "supplemental" motion, Plaintiffs ask the Court to allow them to conduct discovery and present evidence to challenge the City of Houston's justification for its expanded church/school separation requirement. In support of their argument, Plaintiffs again cite *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425 (2002), as well as the decision following remand by the district court in the *Alameda Books* case. In its ruling on the appeal in this case, the Fifth Circuit considered, discussed, and interpreted the *Alameda Books* decision. This Court is bound by the Fifth Circuit's discussion and interpretation of *Alameda Books* in this case, not by that of the district court in California.

As the Court explained in its prior ruling, the remand of this case by the Fifth Circuit was specific and limited. "[T]he mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Henderson v. Stalder*, 407 F.3d 351, 354 (5th Cir. 2005) (quoting *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004)). "Where, as here, further

proceedings in the district court are specified in the mandate of the Court of Appeals, the district court is limited to holding such as are directed." *Id.* (quoting *Crowe v. Smith*, 261 F.3d 558, 562 (5th Cir. 2001)).

Plaintiffs argue that a prior Fifth Circuit decision in a criminal resentencing case indicates that the district court has discretion to go beyond the mandate. *See* Plaintiffs' Supplemental Authority (citing *United States v. Matthews*, 312 F.3d 652 (5th Cir. 2002)). Plaintiffs also cite a district court case from the District of Hawaii, in which the district court declined to apply the law of the case and permitted further development of the record. *Id.* (citing *Casumpang v. International Longshore & Warehouse Union*, 361 F. Supp. 2d 1195, 1201 (D. Haw. 2005)). To the extent this Court has discretion to expand this case as proposed by Plaintiffs in their motions, the Court declines to extend this remanded case beyond the issue specified in the mandate.

The Court again notes that the case has been remanded from the Fifth Circuit for the sole purpose of determining whether the 1,500-foot distance restriction, in light of Ordinance 97-75 as a whole, affords reasonable alternative avenues of communication for sexually-oriented businesses. The Court declines to expand this case beyond the terms of the mandate and further declines to permit Plaintiffs to relitigate issues expressly *or impliedly* decided by the Fifth Circuit. Accordingly, it is hereby

**ORDERED** that Plaintiffs' "Motion for Reconsideration of Two Limited Aspects of Order on Remand" [Doc. # 624] and Plaintiffs' "Supplemental Motion for Reconsideration Re *Alameda Books* Point" [Doc. # 631] are **DENIED**. It is further

**ORDERED** that counsel shall submit by **August 5, 2005** either an agreed docket control order or their competing scheduling proposals for this Court's consideration of the single issue before it for determination.  It is further

**ORDERED** that the status and scheduling conference is **RESCHEDULED** to **August 11, 2005 at 1:00 p.m.**

SIGNED at Houston, Texas, this **20th** day of **July, 2005.**

_____
Nancy F. Atlas
United States District Judge