IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICE EMBASSY, INC., *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-97-0196 |
| | § | |
| THE CITY OF HOUSTON, | § | |
|    Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs Ice Embassy, Inc. and Texas Richmond Corporation's "Motion to Amend Memorandum and Order Associated With the Issues That Are Before the Court for Decision" ("Motion to Amend") [Doc. # 678], in which other Plaintiffs have joined [Docs. # 679, # 682, # 683]. Defendant City of Houston filed its Response [Doc. # 689], and Plaintiffs filed a Reply [Doc. # 694]. The Court **denies** Plaintiffs' Motion to Amend.

The Motion to Amend is Plaintiffs' fourth attempt to expand the scope of the issues in this case following remand. At a conference on November 17, 2004, Plaintiffs requested and were permitted to file a brief addressing "the scope of issues remaining for decision under the remand from the Fifth Circuit." *See* Hearing Minutes and Order [Doc. # 586]. After considering the parties' briefing, the Court issued a Memorandum and Order on May 10, 2005 ("May 10 Order") [Doc. # 619], limiting the case to the

single issue remanded by the United States Court of Appeals for the Fifth Circuit, *N.W. Enterprises, Inc. v. City of Houston*, 352 F.3d 162 (5th Cir. 2003), *cert. denied*, 543 U.S. 958 (2004). Plaintiffs then filed a "Motion for Reconsideration of Two Limited Aspects of Order on Remand" [Doc. # 624]. Plaintiffs later filed a "Supplemental Motion for Reconsideration Re *Alameda Books* Point" [Doc. # 631]. In a Memorandum and Order entered July 20, 2005 ("July 20 Order") [Doc. # 634], the Court denied both requests to expand the scope of the case, again noting that "the case has been remanded from the Fifth Circuit for the sole purpose of determining whether the 1,500-foot distance restriction, in light of Ordinance 97-75 as a whole, affords reasonable alternative avenues of communication for sexually-oriented businesses." *See* July 20 Order, p. 3. The Court again declined to "expand the case beyond the terms of the mandate" or to "permit Plaintiffs to relitigate issues expressly *or impliedly* decided by the Fifth Circuit." *Id*.

In their Motion to Amend, Plaintiffs seek to raise two new challenges to the 1997 ordinance at issue in this case. Plaintiffs seek to challenge the 1997 ordinance based on state legislation enacted in 1999, *after* the ordinance was enacted and *after* the Court issued its rulings in this case. Plaintiffs also seek to challenge the 1997 ordinance based on state preemption. For the third time, the Court holds that the only issue for trial is whether the external distance restrictions, referred to sometimes as the

1,500 foot distance restriction,[1] in light of Ordinance 97-75 as a whole, affords reasonable alternative avenues of communication for sexually-oriented businesses. The Court declines to expand the scope of the case beyond what was remanded by the Fifth Circuit. The Motion to Amend is denied.

The Court also denies Plaintiffs' Motion to Amend as untimely. *See Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). This case was filed in January 1997, was reopened following remand in June 2004, and was reinstated on the Court's active docket in November 2004. In a Docket Control Order issued following a scheduling conference in August 2005, issued with the participation and agreement of counsel, it was noted that the amendments deadline had passed. The Court clearly defined the scope of the case in its May 10 Order and again in its July 20 Order. The Motion to Amend was filed June 22, 2006, more than a year after the May 10 Order, almost a year after the July 20 Order, and less than two weeks before the June 30, 2006 discovery deadline. Plaintiffs' only explanation for the

---

[1] Plaintiffs also argue that the "alternative avenues of communication" issue should include the combined effect of all distance requirements, some of which involve distances other than 1,500 feet. The Court agrees that all external distance requirements are to be considered when determining whether alternative avenues of communication exist. Indeed, the Court has consistently held that the "1,500-foot distance restriction" is to be evaluated "in light of Ordinance 97-75 as a whole." *See* May 10 Order, p. 5; July 20 Order, p. 3. The Court has simply used the "1,500 foot distance requirement" as a shorthand. The City also agrees that the effect of the "1,500 foot requirement" should be evaluated in the context of the ordinance as a whole, including its other distance requirements. *See* Response, p. 2. As a result, no amendment to the Complaint is required.

delay is that they have just discovered the 1999 state legislation, and that they "for the first time noticed" during a recent reading of the Texas Local Government Code ("TLGC") that they may have a state preemption argument based on TLGC § 243.006. Plaintiffs offer no good cause or probative explanation for why these discoveries could not have been made earlier. Because the Motion to Amend was filed well after the amendments deadline had passed and only days before the end of discovery, the Motion to Amend is denied as untimely.

Based on the May 10 Order, the July 20 Order, and the foregoing, it is hereby

**ORDERED** that Plaintiffs' "Motion to Amend Memorandum and Order Associated With the Issues That Are Before the Court for Decision" [Doc. # 678], to which other Plaintiffs have joined [Docs. # 679, # 682, # 683] is **DENIED**.

SIGNED at Houston, Texas, this **24th** day of **July, 2006.**

_____
Nancy F. Atlas
United States District Judge