IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ICE EMBASSY, INC., *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-97-0196 |
| | § | |
| THE CITY OF HOUSTON, | § | |
|    Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs Texas Richmond Corporation and Ice Embassy, Inc.'s Motion to Exclude Expert Opinion Testimony of Joseph Chow and Steven R. Andrews ("Motion to Exclude") [Doc. # 686], in which other Plaintiffs later joined [Docs. # 688, # 691, and # 693]. Defendant City of Houston ("City") filed its Response [Doc. # 703], and Plaintiffs filed a Reply [Doc. # 714]. Based on the Court's review of the record and the application of governing legal authorities, the Court concludes that Joseph Chow and Steven R. Andrews are lay witnesses whose opinion testimony, if offered, is governed by Rule 701 of the Federal Rules of Evidence. If the witnesses were considered experts under Rule 702, the Court finds that they are qualified and that their opinions are reliable and could assist the trier of fact. As a result, the Court denies the Motion to Exclude.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Joseph Chow and Steven Andrews were employees of the City of Houston who, as part of their employment, conducted investigations into the location of available alternative sites for sexually-oriented business that were legally permissible under City Ordinance 97-75.[1]  Chow concluded that there were several thousand potential alternative sites.  Andrews later visited some of these sites and determined that there were at least 200 alternative sites that complied with the distance requirements of Ordinance 97-75 and, therefore, were available for the operation of sexually-oriented businesses.[2]

In an abundance of caution, the City listed Chow and Andrews as experts in the pretrial disclosures required by the scheduling order in this case.  Plaintiffs now move to exclude Chow's and Andrews's testimony, arguing that the witnesses are not qualified to offer the challenged opinions and that their opinions are not reliable.  Plaintiffs also argue that the challenged opinions regarding the availability and location of alternative sites will not assist the trier of fact.  The Motion to Exclude is fully briefed and ripe for decision.

---

[1]  Chow and Andrews have now retired from their employment with the City of Houston.

[2]  The City has represented through counsel at hearings in this case that, apparently because it appeared that Ordinance 97-75 would require only 95 of the 119 sexually-oriented businesses in 1997 to relocate, Andrews was told to stop his evaluation process when he located 200 sites, but that there remained many more potential sites on Chow's list.

## II.  OPINION TESTIMONY BY LAY WITNESSES

Rule 701 of the Federal Rules of Evidence provides that a lay witness may offer opinions or inferences if they are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  FED. R. EVID. 701.

Chow, as an employee of the City's Planning and Development Department, used the City's computer system beginning in late 1996 to calculate the availability of alternative sites for sexually-oriented businesses that potentially satisfied Ordinance 97-75's distance requirements.  As described by Chow, his task was to "make a cursory analysis of all the property in the city to see how many may be available for further investigation."  *See* Chow Deposition, Vol. I, p. 204.[3]

Andrews was a police officer in the Houston Police Department Vice Division. One of his duties in that capacity was to investigate locations for which permits under the pre-1997 sexually-oriented business ordinances were requested.  After Plaintiffs

---

[3]  Plaintiffs have asked to reopen Chow's deposition.  The Court notes that Chow was deposed for two days in July 1997.  The Court, previously and in connection with the pending motion, has reviewed the transcript of Chow's deposition and finds that Plaintiffs had a full opportunity to question Chow on all relevant topics.  The request to reopen Chow's deposition is denied.

questioned Chow's conclusions regarding the number of available alternative sites, the City assigned Andrews to examine specific locations identified by Chow.

The City proposes to offer at trial the results of Chow's and Andrews's work for the City in connection with the number and location of alternative sites that meet the distance requirements of Ordinance 97-75.[4] The evidence offered by Chow is based on his own computer-based research and evaluation. His testimony involves how he conducted his research and the results of that research. Andrews's evidence is based on his own perception when examining actual physical locations identified by Chow's research. In essence, Chow identified thousands of potential sites and Andrews went to hundreds of those sites and evaluated whether they in fact met the ordinance's distance requirements and were suitable for operation of a sexually-oriented business. The proffered evidence from both witnesses is clearly helpful to the trier of fact in determining the primary fact issue in this case – whether there were an adequate number of available sites for sexually-oriented businesses when applying the distance requirements of Ordinance 97-75. Their evidence is not based on scientific, technical, or other specialized knowledge covered by Rule 702 of the Federal Rules of Evidence, but is instead based upon the witnesses' particularized knowledge gained from years

---

[4] As the Court previously has ruled, the analysis of available alternative sites in this case focuses on the period at or about the time the Houston City Council enacted Ordinance 97-75.

of experience with the City's Planning and Development Department and the Houston Police Department Vice Division, respectively. As a result, their testimony is admissible under Rule 701. *See Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213, 1223 (11th Cir. 2003).

## III.    TESTIMONY OF EXPERTS

If Chow and Andrews were offering expert opinions, their testimony would be governed by Rule 702 of the Federal Rules of Evidence. Rule 702 provides that a witness "qualified as an expert . . . may testify . . . in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. Plaintiffs previously challenged Chow's qualifications and reliability as an expert witness in this case, and the Court rejected that challenge. *See N.W. Enterprises, Inc. v. City of Houston*, 27 F. Supp. 2d 754, 785-86 (S.D. Tex. 1998), *rev'd in part on other grounds*, *N.W. Enterprises, Inc. v. City of Houston*, 352 F.3d 162 (5th Cir. 2003), *cert. denied*, 543 U.S. 958 (2004). Additionally, as noted by the Fifth Circuit in this case, Chow's "testimony on Houston's [sexually-oriented business] zoning ordinances has been approved twice before in federal courts." *N.W. Enterprises*, 352 F.3d at 182

n.21.[5] Notwithstanding the prior recognition that Chow's testimony is admissible by both this Court and the Fifth Circuit, the Court will again address Plaintiffs' Motion to Exclude Chow's testimony.

### A. Standards for Expert Testimony

The trial judge must determine as an initial matter whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).[6]

Under *Daubert*, the district court is then to make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts at issue." *Skidmore v. Precision Printing And Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999) (citing *Daubert*, 509 U.S. at 592-93). The district court's responsibility "is to make

---

[5] In response to the City's argument that the challenge to Chow's expert testimony had already been raised and rejected by the Court, Plaintiffs argue that this is the first time they've challenged Chow and Andrews "in the form of a Motion to Exclude Expert Testimony." *See* Reply at 2. The Court is unpersuaded that issues may be reargued simply by altering the title of the motion.

[6] "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). This is true because the Supreme Court's primary concern in *Daubert* was to prevent jury exposure to confusing and unreliable expert testimony. *See Daubert*, 509 U.S. at 595-97.

certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 151; *Burleson v. Texas Dept. of Crim. Justice*, 393 F.3d 577, 584 (5th Cir. 2004). The Court "must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

Reliability and validity do not require certainty, but must be demonstrated by evidence that the knowledge is more than speculation. *Daubert*, 509 U.S. at 590. To demonstrate reliability, the proponent of the expert testimony must present "some objective, independent validation of the expert's methodology." *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (*en banc*), *cert. denied*, 526 U.S. 1064 (1999). The Supreme Court in *Daubert* listed a number of factors that a Court can consider in evaluating the reliability of proffered scientific evidence. *See Daubert*, 509 U.S. at 593-94. This analysis, however, is a flexible one. Because of the wide variety of areas of expertise and issues that require expert testimony, a court may permit an expert to testify without addressing each of the *Daubert* factors. *See Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, 447 F.3d 360, 366 (5th Cir. 2006) (citing

*Kumho*, 526 U.S. at 149). Additionally, "a court has discretion to consider other factors it deems relevant." *Guy*, 394 F.3d at 325.

The burden is on the party offering the expert testimony to establish by a preponderance of the evidence that it is admissible. *Moore*, 151 F.3d at 276. The party offering the challenged expert opinions need not, however, prove "that the expert's testimony is correct." *Id*. The *Daubert* analysis is not intended to judge the accuracy of the expert's conclusions. *See Guy*, 394 F.3d at 325. Indeed, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

**B.   Qualifications**

Chow worked for many years in the City's Planning and Development Department. As part of his job responsibilities, he evaluated proposed sites for sexually-oriented businesses to determined whether they were legally permissible under existing City ordinances. Plaintiffs correctly note that Chow is not a certified city

planner or a computer programming expert. However, these skills are not required for Chow's testimony or analysis.

Andrews worked for many years in the Houston Police Department Vice Division. As part of his job responsibilities, he investigated locations as to which there were pending permit applications to operate a sexually-oriented business. Plaintiffs note that Andrews does not have commercial real estate, surveying, or land use experience, and that he has no expertise in determining the economic viability or public accessibility of a particular piece of property. These criticisms of Andrews's experience miss the mark. His proffered testimony in no way requires such experience or expertise. Instead, his testimony merely recounts his physical inspection and evaluation of sites for the operation of a sexually-oriented business – an area in which he had ample experience during his career as a Vice Division officer in the Houston Police Department.

Assuming for the purposes of this discussion that Defendant offers Chow's and Andrews's testimony as expert opinions, the Court finds without reservation that both Chow and Andrews are fully qualified to opine in this case regarding the availability and location of alternative sites for sexually-oriented businesses at times pertinent to this case. Each worked in a relevant department of the City of Houston and each capably performed the tasks assigned him in connection with alternative available sites.

Plaintiffs' Motion to Exclude based on the argument that Chow and Andrews are not qualified is denied.

### C. Reliability of Testimony

Plaintiffs argue that the testimony of Chow and Andrews is not reliable for reasons which include: (1) they relied on incomplete and inaccurate data; (2) their methodology is incomplete and inaccurate; (3) their opinions have not been tested; (4) their opinions have an unknown or unacceptable rate of error; and (5) their methodology has not been subjected to peer review.[7] These challenges remain unpersuasive.

Whether the data is complete or accurate generally relates to the weight to which the evidence is entitled, not to whether the opinions based on the data are admissible. *See United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996). In any event, the data Chow and Andrews considered is sufficiently accurate and complete for *Daubert* gatekeeping purposes in this bench trial. The City relied for the universe of potential properties on 1994 tax year data from the Harris County Appraisal District ("HCAD"). This was apparently the most recent property data that had been verified to delete duplicate property and other erroneous entries. Chow used a City of Houston

---

[7] Plaintiffs state that this is "in no way an exhaustive list of all the reasons justifying exclusion of the evidence." *See* Motion to Exclude, p. 2. The Court will not consider any argument not raised in the Motion to Exclude.

computer and computer program with the HCAD data to identify potential available sites for operation of sexually-oriented businesses in compliance with Ordinance 97-75. Andrews visited hundreds of the sites identified by Chow to investigate whether they in fact qualified as available alternative sites. Thus, the data was adequate and the identification procedure was an appropriate methodology for the information required.

Testing, an acceptable rate of error, and peer review are factors listed in *Daubert*, but these particular factors do not fit the situation in this case. The Court finds from the record that Chow and Andrews performed their assignments and reached their conclusions in this case using the same level of intellectual rigor that characterizes the practice of an expert in the field of identifying potentially available sites for sexually-oriented businesses and evaluating whether those identified sites in fact satisfy the distance requirements for qualification as available alternative sites.

Clearly, many of the sites initially identified by Chow did not actually qualify under the distance requirements of Ordinance 97-75. Chow, however, simply identified a large universe of potential sites and Andrews refined the list to identify what he believes were realistic available alternative sites. The City now relies on the latter group for trial purposes as the list of available alternative sites. The alleged inadequacy of the 200 properties as available alternative sites is the subject of Plaintiffs' expert's report. It will be the function of the Court, as the parties' chosen trier of fact, to

consider the admissible expert evidence and to resolve this fact dispute as to each property. Plaintiffs' Motion to Exclude based on the argument that Chow's and Andrews's testimony is unreliable is denied.

### D. Assisting the Trier of Fact

Chow has identified and Andrews has visited sites that the City argues are available alternative sites for sexually-oriented businesses in light of the distance requirements in Ordinance 97-75. Their testimony will greatly assist the Court as the trier of fact. Chow's research and evaluation were performed shortly prior to the adoption of Ordinance 97-75. Andrews's physical examination of identified sites was conducted in late 1997 through February 1998. Plaintiffs' challenges to the timing of Andrews's site visits and the date of the property data are matters the Court will consider at trial when evaluating the weight and probative value of the City's evidence on each property in dispute. The testimony of Chow and Andrews will greatly assist the Court as the trier of fact, and Plaintiffs' Motion to Exclude on this basis is denied.

### IV. CONCLUSION AND ORDER

Chow and Andrews are lay witnesses who may testify based upon the particularized knowledge they have obtained through the many years they have been employed with the City of Houston. Their testimony recounts their personal efforts and the results of their efforts to identify available alternative sites in light of Ordinance 97-

75. Even if they were considered to be expert witnesses, they are qualified to testify and the testimony they offer is reliable and will assist the trier of fact. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Exclude [Doc. # 686] is **DENIED**.

SIGNED at Houston, Texas, this **22nd** day of **August, 2006.**

Nancy F. Atlas
United States District Judge