# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ICE EMBASSY, INC., *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-97-0196 |
| | § | |
| THE CITY OF HOUSTON, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Following a bench trial in December 2006, the Court issued Findings of Fact and Conclusions of Law [Doc. # 800] and Final Judgment [Doc. # 801] in favor of Defendant City of Houston (the "City") on January 31, 2007. The case is now before the Court on the "Ice Embassy Plaintiffs' Corrected Motion to Alter or Amend the Judgment [FRCP 59(e)] and to Amend or Modify Findings of Fact and Conclusions of Law [FRCP 52(b)]" ("Motion to Amend") [Doc. # 809], in which the other Plaintiffs joined [Docs. # 810, # 811, # 812, # 813]. Defendant filed its Response [Doc. # 822], and the Ice Embassy Plaintiffs filed a Reply [Doc. # 832]. Also pending is the "Ice Embassy Plaintiffs' Corrected Motion for Stay and/or Injunction Pending Appeal [FRCP 62(c)]" ("Motion for Stay Pending Appeal") [Doc. # 819], in which the other

Plaintiffs joined [Docs. # 820, # 816, # 817].[1]  Defendant filed its Response [Doc.

# 826], and the Ice Embassy Plaintiffs filed a Reply [Doc. # 829].

Based on the Court's review of the record and the application of governing legal

authorities, the Court denies both pending motions.

## I.     MOTION TO AMEND

Plaintiffs seek modification of the Court's Findings of Fact and Conclusions of

Law pursuant to Rule 59(e) and Rule 52(b) of the Federal Rules of Civil Procedure.[2]

Plaintiffs ask the Court to make additional findings of fact, specifically a finding

reciting all stipulated facts; a finding that "none of the four churches used to disqualify

Colorado Bar and Grill were on the lists Mr. Chow testified he utilized"; findings

relating to the term "tract" in Ordinance 97-75; a finding that "none of the 7,597 sites

identified by Chow was checked to see if it was more than 1,000 feet from any other

potential adult site"; and findings regarding specific alleged deficiencies in Chow's

analysis.  Plaintiffs also ask the Court to delete the finding on page 14 of the Findings

of Fact and Conclusions of Law that "Andrews employed the same methodology he

---

[1]     Some Plaintiffs joined in the original Motion to Stay [Doc. # 814] but did not file a renewed
joinder in the Corrected Motion for Stay.

[2]     Plaintiff's original Motion to Alter or Amend the Judgment and to Amend or Modify Findings
of Fact and Conclusions of Law [Doc. # 808] was filed on February 14, 2007, the tenth
business day after entry of judgment and is, therefore, timely filed.  *See* FED. R. CIV. P. 59(e)
and 52(b).

had used throughout his career in the Vice Division" and the finding on page 16 that "Andrews used the definitions in [the] ordinance to locate the center point of the tract."

Plaintiffs also seek modification of the Court's Conclusions of Law. Specifically, Plaintiffs argue that the Court should limit the description of Plaintiffs' argument on the issue of governmental ownership of certain proposed sites to ownership by the City of Houston; the Court should modify its conclusions regarding Plaintiffs' burden to present evidence regarding the residential density of the proposed sites to which they objected based on the residential density requirement; the Court should modify its conclusion that the City based its decision on analysis of the "best data available at the time" and that the analysis "provided a sound basis for the Committee to conclude that there existed an adequate number of available alternative avenues for communication"; the Court should strike the conclusion that the City "was reasonable in concluding that" an adequate number of available sites would exist after enforcement of the Ordinance; and that the Court should strike the conclusion that Andrews's ability to verify approximately 200 conforming sites from a small percentage of Chow's list suggests that "many more available sites would be found if the remaining 6,061 locations identified by Chow had been evaluated closely."

A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir.

2004) (citation omitted).  A Rule 59(e) motion merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Rule 59(e) may also provide a means for a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003).  Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *See Templet*, 367 F.3d at 479.

Rule 52(a) requires a Court in a trial without a jury to "find the facts specially and state separately its conclusions of law thereon." FED. R. CIV. P. 52(a).  Rule 52(a) does not require that the district court set out findings on all factual questions that arise in a case. *See Valley v. Rapides Parish School Bd.,* 118 F.3d 1047, 1053-54 (5th Cir. 1997).  Rather, the district court is expected to provide a clear understanding of the analytical process by which ultimate findings of material facts were reached. *See id.* Rule 52(b) permits a Court, on motion filed "no later than 10 days after entry of judgment," to amend its findings or make additional findings.  FED. R. CIV. P. 52(b). The purpose of Rule 52(b) is, generally, to correct manifest errors of law or fact. *See Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir. 1986).  "This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial, but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id.*  To prevail on a Rule 52(b) motion

to amend, the moving party must show that the Court's findings of fact or conclusions of law are not supported by evidence in the record.  *Id.*

Plaintiffs do not satisfy the applicable standards for relief under Rule 59(e) or Rule 52(b).  Both rules require a showing that the Court's prior decision was in error. Plaintiffs, rather than pointing to manifest errors of law or findings that are not supported by the record, seek modifications that they believe will enhance their chances of success on appeal.  Because Plaintiffs' requests are not based on complaints of manifest error or unsupported findings, they are denied.  The Court was and is aware of the parties' stipulated facts, but is not required to make specific findings restating those stipulations.  The requested findings regarding the four churches used to disqualify Colorado Bar and Grill, Chow's failure to analyze whether any two potential sites were within 1,000 feet of each other, and the other described deficiencies in Chow's analysis are not necessary and would be redundant.  The Court found that Chow's analysis, intended to identify a universe of potential alternative sites for sexually-oriented businesses, was not perfect.  But, as the Fifth Circuit emphasized in a recent decision involving an ordinance affecting sexually-oriented businesses, perfection is not the constitutional standard to which a municipality's analysis must rise.  *See H and H Land Corp. v. City of Kennedale*, __ F.3d __, 2007 WL 531982 (5th Cir. Feb. 22, 2007).

With reference to Plaintiffs' suggestion that none of the City's proposed sites should be accepted because neither Chow nor Andrews evaluated each parcel in terms of whether the "tract" included adjoining properties under common ownership, the record does not support additional findings. The City made a *prima facie* showing that the identified sites were available and there was no basis for the City or Andrews to suspect that any of the sites were not separately owned. Plaintiffs conducted extensive discovery regarding those identified sites and presented expert testimony and other evidence challenging most of the sites. If Plaintiffs had presented evidence that a site was unavailable because adjoining property was under common ownership and, therefore, violated the locational requirements of the Ordinance, the Court would have made a finding on the availability of that site.[3]   Neither the City nor the Court is required to address and make findings regarding objections that are not raised. The Court denies Plaintiffs' request for additional findings of fact.

The Court also denies Plaintiffs' request to strike certain findings; each challenged finding of fact is fully supported by the evidence. Plaintiffs argue that if Andrews used the same methodology he had always used in his work in the City's Vice Division, then his results are flawed because his prior work for the City involved

---

[3]     In fact, the Court often credited the evidence Plaintiffs presented, such as the evidence that Site 2317 and Site 2776 were within 1,500 feet of a public park.

different locational requirements.  Plaintiffs also argue that Andrews did not use the

definitions in the Ordinance.  These arguments are clearly refuted by the record.  The

uncontradicted evidence at trial established that Andrews used the same "methodology"

(*i.e.*, general approach) he had used throughout his career in the City's Vice Division,

but used the definitions and requirements of the new Ordinance.  The uncontradicted

evidence also established that Andrews used the relevant maps and other data, as well

as the new locational requirements from the Ordinance, when employing that

methodology.[4]  The Court denies Plaintiffs' request to strike these findings of fact.

Plaintiffs' arguments regarding the Court's Conclusions of Law are equally

without merit.  Although Plaintiffs argue that the Court improperly placed the burden

of proof on them, the Court applied the correct burden of proof and correctly imposed

on Plaintiffs only the burden of production.  Whether Plaintiffs' challenge to a site was

based on the residential density requirement – the requirement specifically addressed

in Plaintiffs' Motion to Amend – or a different locational requirement of the Ordinance,

once the City presented a *prima facie* case identifying an adequate number of

alternative available sites, Plaintiffs were required to present evidence supporting their

---

[4]     The single exception was Andrews's failure to use the multi-family residential density
        calculation.  As a result, the Court eliminated from the pool of available parcels the vast
        majority of such properties.

challenge to any particular site.  The Court considered all the evidence and resolved the factual disputes based on the City having the ultimate burden of proof.

Plaintiffs also argue that the Court improperly characterized their argument regarding governmental ownership of a site.  The Court's description of Plaintiffs' argument regarding governmental ownership is consistent with the record.  Although the evidence indicated that most, *but not all*, of the challenged sites were owned by the City of Houston, Plaintiffs argued throughout the case that any governmental ownership disqualified a site.

Plaintiffs challenge the Court's finding that the City used the best data available at the time, the conclusion that the City's analysis of that data provided a sound basis for the Committee to conclude that there were an adequate number of available alternative sites, and the finding and conclusion that the City Council reasonably relied on the evidence before it.  The Court's findings of fact and conclusions of law regarding the City's reasonable reliance on the best data available is supported by the evidence presented at trial and the governing legal authorities. The City conducted a reasonable – though not perfect – analysis of the best data available and reasonably relied on the results of that analysis in concluding correctly that there were an adequate number of available sites for sexually-oriented businesses required to relocate if the

locational requirements of the Ordinance are enforced.  *See, e.g., H and H Land Corp.*, __ F.3d __, 2007 WL 531982 (5th Cir. Feb. 22, 2007).

Plaintiffs also object to the Court's comments regarding "many more sites would be found if the remaining 6,061 locations identified by Chow had been evaluated closely."  These statements in the Findings of Fact and Conclusions of Law are fully supported by the evidence and constitute a reasonable conclusion from the evidence at trial.  The Court denies Plaintiffs' Motion to Amend the Court's Conclusions of Law.

## II.  <u>MOTION FOR STAY PENDING APPEAL</u>

Plaintiffs ask the Court to stay or enjoin enforcement of Ordinance 97-75 pending an appeal to the United States Court of Appeals for the Fifth Circuit.  A stay or injunction pending appeal is extraordinary relief and should be entered only when four conditions are met: (1) the movant establishes a likelihood of success on the merits; (2) the movant would suffer irreparable injury if a stay is not granted; (3) a showing that the stay would not substantially harm the other party; and (4) a demonstration that the stay would serve the public interest.  *See In re First South Savings Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987); *United States v. Baylor Univ. Medical Center*, 711 F.2d 38, 39 (5th Cir. 1983).  Each part of the four-factor test must be considered, but if there are serious legal questions involved, the movant can satisfy the first element by presenting a "substantial case on the merits" rather than showing

a likelihood or probability of success. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001) (internal quotations and citations omitted), *reh'g en banc denied*, 288 F.3d 234 (5th Cir. 2002). The remaining three elements have also been described jointly as requiring the movant to "show that the balance of the equities weighs heavily in favor of granting the stay." *See id.*

In this case, the issues involved in any appeal of this Court's decision do not rise to the level of serious legal questions. Instead, the Court's decision following remand involved a single, limited issue which was primarily factual in nature. With reference to any appeal of the Court's decision on this limited issue, Plaintiffs do not have a likelihood of success on the merits. Indeed, Plaintiffs do not meet the lesser "substantial case on the merits" standard. The Court followed the mandate issued by the Fifth Circuit, received evidence presented by both parties, resolved the factual disputes, applied the proper legal principles, and issued findings of fact and conclusions of law supporting its decision. The City Council clearly had evidence from which it could reasonably conclude that there would remain an adequate number of available alternative sites for sexually-oriented businesses forced to relocate by enforcement of the locational requirements of the Ordinance.[5] Plaintiffs have not shown either a

---

[5]    The Fifth Circuit recently reversed a district court's decision that an ordinance regulating sexually-oriented businesses was unconstitutional, holding that it is reasonable for the city to rely on evidence so long as it is not "shoddy." *See H and H Land Corp. v. City of Kennedale*, __ F.3d __, 2007 WL 531982 (5th Cir. Feb. 22, 2007).

likelihood of success or a substantial case on the merits of any appeal from the Court's decision following remand and, as a result, a stay or injunction is inappropriate.

Plaintiffs argue that they will suffer irreparable injury if the locational requirements of the Ordinance are enforced.  Although it is clear that certain Plaintiffs may experience significant expense and potential lost profits if the City enforces the Ordinance and Plaintiffs are required to relocate their businesses, the Court is unpersuaded that this injury justifies granting the requested relief.  Plaintiffs add that enforcement of the Ordinance will cause mass unemployment and the desecration of the First Amendment.  These consequences, however, will not result directly from enforcement of the locational requirements of the Ordinance, but from Plaintiffs' election to close their businesses rather than relocate to one of the alternative available sites.

The City and the public, on the other hand, will suffer substantial prejudice if the City is precluded from enforcing a valid Ordinance that was adopted more than ten years ago to protect against the negative effects of sexually-oriented businesses.  The City currently has a properly-adopted, valid Ordinance designed to protect the public, and the City and the public are entitled to the enforcement of that Ordinance. Consideration of the final three factors of the four-prong test, whether considered

individually or as a "balance of equities," weighs against an injunction against enforcement of the Ordinance.

Plaintiffs have not shown either a likelihood of success or a substantial case on the merits of any appeal from the Court's Findings of Fact and Conclusions of Law in this case. Additionally, the potential injury to Plaintiffs if enforcement is not enjoined is outweighed by the substantial harm to the City if the Court were to grant Plaintiffs' Motion for Stay Pending Appeal. The public interest weighs heavily against the requested injunction. As a result, Plaintiffs are not entitled – under any applicable standard – to the extraordinary remedy they seek. The Motion for Stay Pending Appeal is denied.

## III.   CONCLUSION AND ORDER

Plaintiffs have failed to show manifest error or that the Court's Findings of Fact and Conclusions of Law are not supported by the evidence in the record. As a result, they are not entitled to relief under Rule 59(e) or Rule 52(b).

Plaintiffs have not shown a likelihood of success on the merits of their appeal, and the equities weigh against enjoining enforcement of the Ordinance pending appeal. As a result, the Court denies Plaintiffs' Motion for Stay Pending Appeal. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Corrected Motion to Alter or Amend the Judgment [FRCP 59(e)] and to Amend or Modify Findings of Fact and Conclusions of Law [FRCP 52(b)]" [Doc. # 809] and Plaintiffs' Corrected Motion for Stay and/or Injunction Pending Appeal [FRCP 62(c)]" [Doc. # 819] are **DENIED**.

SIGNED at Houston, Texas, this **29th** day of **March, 2007.**

Nancy F. Atlas
United States District Judge